UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY MININSOHN,

    Plaintiff,

v.                            Case No. 8:16-cv-3083-T-33TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte*. Plaintiff originally initiated this action in state court on October 13, 2014, by filing a one-count complaint alleging Defendant violated Florida's Consumer Collection Practices Act, Fla. Stat. § 559.72, et. seq. (Doc. # 1-1 at 4, 7-10). Thereafter, on October 21, 2016, Plaintiff simultaneously filed a proposed amended complaint and a motion for leave to file an amended complaint in state court. (Id. at 2). Defendant was served with both the proposed amended complaint and motion for leave to amend on October 21, 2016. (Id. 217, 219). Defendant then removed the action to this Court solely on the basis of federal question jurisdiction on November 1, 2016. (Doc. # 1). However, the record from the state court pending before this Court reveals that the state court never ruled on

Plaintiff's motion for leave to amend. (Doc. # 1-1 at 2). Indeed, the motion for leave to amend that was originally filed in state court is now pending before this Court. (Doc. # 5).

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

Under 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The triggering event for the 30-day removal period under § 1446(b)(3) is the day on which the state court grants the motion for leave to amend and deems the amended complaint filed. Bollinger v. State Farm Auto. Ins. Co., 538 Fed. Appx. 857, 862-64 (11th Cir. 2013) ("the only relevant date in the removal timeliness analysis is . . . the date on which the

state court granted [plaintiff's] motion for leave to file a second amended complaint and deemed [plaintiff's] second amended complaint filed, which is the date on which the 30-day removal clock began to run."). The court in <u>Bollinger</u> went on to note that, even when a plaintiff attaches a proposed amended complaint, which contains an allegation or cause of action that makes the action removable, to the motion for leave to amend, it is nevertheless the granting of the motion and the state court's deeming the amended complaint filed that triggers the 30-day removal window. <u>Id.</u> at 864.

The record before this Court shows the state court never ruled on Plaintiff's motion for leave to amend, (Doc. # 1-1 at 3); a reality bolstered by the fact that Plaintiff's motion for leave to amend is now pending before this Court. Because the state court never granted Plaintiff's motion for leave to amend, the only operative complaint in this action is the complaint that was filed in state court on October 13, 2014. And, the October 13, 2014, complaint does not contain any cause of action that arises under federal law. (Doc. # 1-1 at 7-10). Accordingly, because Defendant bases removal solely on 28 U.S.C. § 1331, and the operative complaint in this action does not contain a cause of action arising under federal law,

this action is remanded to state court for lack of subject-matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject-matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE