UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY MININSOHN,

    Plaintiff,

v.                                Case No. 8:16-cv-3083-T-33TGW

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

### ORDER

This cause comes before the Court upon Defendant Ocwen Loan Servicing, LLC's Motion for Reconsideration (Doc. # 8), filed on November 3, 2016. Although Plaintiff Stacey Mininsohn has not filed a response, the Court finds that one is not necessary. The Motion is denied for the reasons stated below.

**I. Background**

Plaintiff originally initiated this action in state court on October 13, 2014, by filing a one-count complaint alleging Defendant violated Florida's Consumer Collection Practices Act, Fla. Stat. § 559.72, et. seq. (Doc. # 1-1 at 4, 7-10). Thereafter, on October 21, 2016, Plaintiff simultaneously filed a proposed amended complaint and a motion for leave to file an amended complaint in state court.

(Id. at 2). Defendant was served with both the proposed amended complaint and motion for leave to amend on October 21, 2016. (Id. 217, 219). Defendant then removed the action to this Court solely on the basis of federal question jurisdiction on November 1, 2016. (Doc. # 1). However, the record from the state court pending before this Court reveals that the state court never ruled on Plaintiff's motion for leave to amend. (Doc. # 1-1 at 2). Indeed, the motion for leave to amend that was originally filed in state court is now pending before this Court. (Doc. # 5).

After the Court remanded this action (Doc. # 7), Defendant filed its pending Motion, arguing that the amended complaint filed in state court is the operative complaint because Defendant consented to Plaintiff's motion for leave to amend. Attached to Defendant's Motion is a copy of Defendant's notice of consent to Plaintiff's motion for leave to amend. (Doc. # 8 at 6). The copy of Defendant's consent bears a time stamp of "11/01/2016 01:20:27PM." (Id.). Importantly, the copy of Defendant's consent was not included in the state court record filed by Defendant when it removed this action, nor at any time before the Court remanded this action. Notably, the notice of removal was electronically filed with this Court on November 1, 2016 at 9:13AM, which

2

means that the action was removed before Defendant consented to Plaintiff's motion for leave to amend.

## II. **Standard**

Defendant does not cite the Federal Rule of Civil Procedure under which it brings the instant Motion. In determining what rule the Defendant's motion falls under, a court looks at the relief requested, not the labels the movant places on it. See Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990). Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Here, Defendant's Motion was filed within 28 days of the Court's November 3, 2016, Order. Accordingly, the Court applies Rule 59(e) in ruling on the Motion.

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335,

3

1343 (11th Cir. 2007)) (quotation marks and alterations omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

### III. Analysis

As an initial matter, Defendant removed this action on November 1, 2016, pursuant to 28 U.S.C. §§ 1441, 1446. (Doc. # 1 at 1). The Court remanded the action for lack of subject-matter jurisdiction on November 3, 2016. (Doc. # 7). Defendant now seeks reconsideration of that remand Order (Doc. # 8); however, this Court does "not have jurisdiction to address the merits of [Defendant's] motion for reconsideration . . . ." Wachovia Mortg. FSB v. Brown, 608 Fed. Appx. 886, 887 (Mem) (citing Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir. 2011) ("concluding that § 1447(d) bars the district court from reconsidering its remand order"))); see also 28 U.S.C.

§ 1447(d) ("An order remanding a case to the State court from which is was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Further, the Motion is due to be denied because it presents evidence that could have been raised prior to the entry of the Court's remand Order. While the notice of removal was electronically filed with this Court before Defendant filed its notice of consent in state court, compare (Doc. # 1) (filed at 9:13AM on November 1, 2016), with (Doc. # 8 at 6) (bearing time stamp of "11/01/2016 01:20:27PM), the Court did not enter its remand Order until November 3, 2016, (Doc. # 7), which was after Defendant filed its notice of consent. Although Defendant filed its notice of consent prior to the Court's entry of the remand Order, Defendant never supplemented the state court record that was pending before this Court, nor informed this Court of the filing of its notice of consent. Defendant's Motion therefore is due to be denied in that it attempts to present evidence that could have been presented before the entry of the remand Order. See Michael Linet, 408 F.3d at 763.

Furthermore, assuming for the sake of argument that this Court retained jurisdiction to entertain Defendant's Motion, the Motion would be due to be denied on the merits. "Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

Under 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The triggering event for the 30-day removal period under § 1446(b)(3) is the day on which the state court grants the motion for leave to amend and deems the amended complaint filed. Bollinger v. State Farm Auto. Ins. Co., 538 Fed. Appx. 857, 862-64 (11th Cir. 2013) ("the only relevant date in the removal timeliness analysis is . . . the date on which the state court granted [plaintiff's] motion for leave to file a

6

second amended complaint and deemed [plaintiff's] second amended complaint filed, which is the date on which the 30-day removal clock began to run."). The court in Bollinger went on to note that, even when a plaintiff attaches a proposed amended complaint, which contains an allegation or cause of action that makes the action removable, to the motion for leave to amend, it is nevertheless the granting of the motion and the state court's deeming the amended complaint filed that triggers the 30-day removal window. Id. at 864.

The state court record that was filed by Defendant with its notice of removal—and which was pending before this Court at the time the Court remanded this action—showed the state court never ruled on Plaintiff's motion for leave to amend. (Doc. # 1-1 at 3). To be sure, the notice of consent Defendant now provides the Court was not included in the state court record filed by Defendant with its notice of removal. (Doc. # 1-1). In addition, the notice of consent bears a time stamp of "11/01/2016 01:20:27PM." (Doc. # 8 at 6). The notice of removal, however, was electronically filed with this Court on November 1, 2016, at 9:13AM. (Doc. # 1). Therefore, at the time this action was removed, the operative complaint was Plaintiff's original complaint—which did not assert a cause of action arising under federal law—because the state court

7

had not granted the motion for leave to amend, nor had the Defendant filed its notice of consent to Plaintiff's motion to amend. Since the operative complaint did not assert a cause of action arising under federal law and Defendant only based removal on 28 U.S.C. § 1331, remand for lack of subject-matter jurisdiction was appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ocwen Loan Servicing, LLC's Motion for Reconsideration (Doc. # 8) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE